<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| McDONALD WILLIAMS, | : | |
| | : | Civil Action No. 12-2005 (KM) |
| Plaintiff, | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| MR. AND MRS. JOSEPH MOORE, | : | |
| et al., | : | |
| | : | |
| Defendants. | : | |

**APPEARANCES:**

Plaintiff <u>pro se</u>
McDonald Williams
Essex County Correctional Facility
Newark, NJ   07105

**McNULTY**, District Judge

Plaintiff McDonald Williams, a prisoner confined at Essex County Correctional Facility in Newark, New Jersey, seeks to bring this action <u>in forma pauperis</u> pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights.  Based on his affidavit of indigence and the absence of three qualifying dismissals within 28 U.S.C. §1915(g), the Court will grant Plaintiff's application to proceed <u>in forma pauperis</u> pursuant to 28 U.S.C. § 1915(a) and order the Clerk of the Court to file the Complaint.

At this time, the Court must review the Complaint to determine whether it should be dismissed as frivolous or

malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief.

## I.   BACKGROUND

The following factual allegations are taken from Plaintiff's Complaint and are accepted as true for purposes of this review.

During the years 2004-2005, Plaintiff was engaged in litigation regarding the custody of his daughter, June Jones, before the Superior Court of New Jersey, Chancery Division, Family Part, Essex Vicinage.  He established his paternity and was granted custody of his daughter.

Thereafter, because of pending criminal charges against Plaintiff, he agreed to the appointment of Mr. and Mrs. Joseph Moore as guardians of his daughter.  In November 2010, Plaintiff filed an application with the state court to see his daughter, apparently because of some difficulty in communicating with her or her guardians.  During a conference before the Hon. David B. Katz, the guardians objected to the proposed visit, and Judge Katz ultimately agreed with the guardians.  Plaintiff does not attach a copy of the order that resulted from the hearing; thus, it is not entirely clear whether Judge Katz entered an order denying the visit or permitting the guardians to decide whether to permit visits.  In any event, Plaintiff was barred from making the requested visit.

2

Plaintiff alleges that the Defendants Mr. and Mrs. Joseph Moore and Judge Katz have interfered with his parental rights, which this Court construes as an attempt to state that the defendants have violated Plaintiff's right not to be deprived of liberty without due process under the Fourteenth Amendment to the U.S. Constitution.  Plaintiff asks this Court to order an investigation into his daughter's living conditions and to order an appropriate placement for his daughter.

## II.  STANDARDS FOR A SUA SPONTE DISMISSAL

This Court must dismiss, at the earliest practicable time, certain in forma pauperis and prisoner actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915(e)(2) (in forma pauperis actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions).

In determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of the plaintiff.  Haines v. Kerner, 404 U.S. 519, 520-21 (1972); United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992).  The Court must "accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them

in the light most favorable to the plaintiff." <u>Morse v. Lower</u>
<u>Merion School Dist.</u>, 132 F.3d 902, 906 (3d Cir. 1997).

Where a complaint can be remedied by an amendment, a
district court may not dismiss the complaint with prejudice, but
must permit the amendment. <u>Denton v. Hernandez</u>, 504 U.S. 25, 34
(1992); <u>Grayson v. Mayview State Hospital</u>, 293 F.3d 103, 108 (3d
Cir. 2002) (dismissal pursuant to 28 U.S.C. § 1915(e)(2)); <u>Shane</u>
<u>v. Fauver</u>, 213 F.3d 113, 116-17 (3d Cir. 2000) (dismissal
pursuant to 42 U.S.C. § 1997e(c)(1)); <u>Urrutia v. Harrisburg</u>
<u>County Police Dept.</u>, 91 F.3d 451, 453 (3d Cir. 1996).

## III. <u>SECTION 1983 ACTIONS</u>

A plaintiff may have a cause of action under 42 U.S.C.
§ 1983 for certain violations of his constitutional rights.
Section 1983 provides in relevant part:

> Every person who, under color of any statute,
> ordinance, regulation, custom, or usage, of any State
> or Territory ... subjects, or causes to be subjected,
> any citizen of the United States or other person within
> the jurisdiction thereof to the deprivation of any
> rights, privileges, or immunities secured by the
> Constitution and laws, shall be liable to the party
> injured in an action at law, suit in equity, or other
> proper proceeding for redress ... .

Thus, to state a claim for relief under § 1983, a plaintiff must
allege, first, the violation of a right secured by the
Constitution or laws of the United States and, second, that the
alleged deprivation was committed or caused by a person acting
under color of state law. <u>West v. Atkins</u>, 487 U.S. 42, 48

(1988); <u>Piecknick v. Pennsylvania</u>, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

IV.   <u>ANALYSIS</u>

Federal Rule of Civil Procedure 8(a) requires the plaintiff in a federal action to set forth "a short and plain statement of the grounds upon which the court's jurisdiction depends."  Here, Plaintiff has asserted jurisdiction pursuant to 42 U.S.C. § 1983.

Federal courts are bound to determine whether they have jurisdiction even if none of the parties to an action have challenged the asserted bases therefor.  <u>Packard v. Provident National Bank</u>, 994 F.2d 1039 (3d Cir.), <u>cert.</u> <u>denied</u> <u>sub</u> <u>nom.</u> <u>Upp v. Mellon Bank, N.A.</u>, 510 U.S. 964 (1993); <u>Temple Univ. v. White</u>, 941 F.2d 201 (3d Cir. 1991), <u>cert.</u> <u>denied</u> <u>sub</u> <u>nom.</u> <u>Snider v. Temple Univ.</u>, 502 U.S. 1032 (1992); <u>TM Marketing, Inc. v. Art & Antiques Assocs., L.P.</u>, 803 F. Supp. 994 (D.N.J. 1992).  Indeed, "a plaintiff, suing in a federal court, must show in his pleading, affirmatively and distinctly, the existence of whatever is essential to federal jurisdiction, and, if he does not do so, the court ...  must dismiss the case, unless the defect be corrected by amendment."  <u>Smith v. McCullough</u>, 270 U.S. 456, 459 (1926).  A court can take no measures to rectify a want of jurisdiction, because the lack of jurisdiction itself precludes asserting judicial power.  <u>See</u> <u>First American Nat'l Bank v. Straight Creek Processing Co.</u>, 756 F. Supp. 945 (E.D. Va. 1991)

(where diversity of parties is incomplete, court has no jurisdiction to consider plaintiff's motion to dismiss non-diverse defendants; rather, court must dismiss action for lack of jurisdiction).  As explained more fully below, this Court lacks jurisdiction to adjudicate Plaintiff's claims.

"The Rooker-Feldman doctrine deprives a federal district court of jurisdiction to review, directly or indirectly, a state court adjudication." Judge v. Canada, 208 Fed.Appx. 106, 107-08 (3d Cir. 2006) (citing D.C. Court of Appeals v. Feldman, 460 U.S. 462 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 416 (1923)).  "The Supreme Court has explained that this doctrine applies to 'cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the District Court proceedings commenced and inviting District Court review and rejection of those judgments.'" Judge v. Canada, 208 Fed.Appx. at 108 (citing Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005)).

The Rooker-Feldman doctrine precludes a lower federal court from entertaining constitutional claims that are "inextricably intertwined" with the state court's decision in a judicial proceeding.  Feldman, 460 U.S. at 483, n.16.  "State and federal claims are inextricably intertwined (1) when in order to grant the federal plaintiff the relief sought, the federal court must determine that the state court judgment was erroneously entered

[or] (2) when the federal court must ... take action that would render [the state court's] judgment ineffectual." <u>ITT Corp. v. Intelnet Intern.</u>, 366 F.3d 205, 211 (3d Cir. 2004) (internal quotation marks, footnotes, and citations omitted).  "In other words, <u>Rooker-Feldman</u> precludes a federal action if the relief requested in the federal action would effectively reverse the state decision or void its ruling." <u>FOCUS</u>, 75 F.3d at 840 (quoting <u>Charchenko v. City of Stillwater</u>, 47 F.3d 981, 983 (8th Cir. 1995); <u>see also</u> <u>Exxon Mobil Corp. v. Saudi Basic Industries Corp.</u>, 544 U.S. 280, 291-92 (2005) (explaining that 28 U.S.C. § 1257 has long been interpreted as vesting authority to review a state court's judgment solely in the Supreme Court).

More specifically for purposes of this matter, the Third Circuit has consistently affirmed district court determinations that the <u>Rooker-Feldman</u> doctrine prohibits suits brought in federal court, pursuant to Section 1983, where plaintiffs challenge the judgments of state family courts.  <u>See</u>, <u>e.g.</u>, <u>Gass v. DYFS Workers</u>, 371 Fed.Appx. 315 (3d Cir. 2010) (involving claims challenging state court orders regarding custody of two minors); <u>Johnson v. City of New York</u>, 347 Fed.Appx. 850 (3d Cir. 2009) (involving claims seeking review of family court decisions regarding emergency removal of children from the home); <u>McKnight v. Baker</u>, 244 Fed.Appx. 442 (3d Cir. 2007) (involving claims that defendants conspired to have family court suspend the plaintiff's

visitation rights with his daughter); <u>McAllister v. Allegheny County Family Div.</u>, 128 Fed.Appx. 901 (3d Cir. 2005) (involving claims where Plaintiff sought to void or overturn adverse rulings entered in state family court child-custody litigation).

Similarly, courts within this District have repeatedly recognized that they lack subject matter jurisdiction to entertain claims which challenge adjudications made by state family courts. <u>See</u>, <u>e.g.</u>, <u>Severino v. Div. of Youth & Family Services</u>, Civil No. 11-3767 (MLC), 2011 WL 5526116 (D.N.J. Nov. 14, 2011) (dismissing <u>sua sponte</u> Section 1983 claims challenging state court proceeding terminating the plaintiff's parental rights); <u>Kwiatkowski v. DeFrancesco</u>, Civil No. 01-6145 (GEB), 2006 WL 2347831 (D.N.J. Aug. 11, 2006) (concluding that <u>Rooker-Feldman</u> barred constitutional claims because they were "a direct result of the actions taken by DYFS and the state courts" and were so "inextricably intertwined" with the state court proceedings that federal review would be tantamount to appellate review).

Here, Plaintiff's due process claims are inextricably intertwined with pre-existing court orders regarding the appointment of Mr. and Mrs. Joseph Moore as guardians and regarding Plaintiff's visitation rights. The only way for this Court to order a new placement for Plaintiff's daughter would be to void or overturn the orders already in place. Accordingly,

this Court lacks jurisdiction over Plaintiff's claims.  <u>Cf.</u> <u>Wilson v. Atl. County DYFS</u>, Civil No. 10-0202 (NLH), 2010 WL 2178926 (D.N.J. May 25, 2010) (dismissing complaint asserting claims relating to the family court's issuance of a restraining order which effectively barred plaintiff from seeing his son because the claims were "inextricably intertwined" with the restraining order and amounted to a "prohibited appeal" from the family court adjudication).

To the extent this Court is not barred from acting by the <u>Rooker-Feldman</u> doctrine, it shall abstain from exercising jurisdiction under the <u>Younger</u> abstention doctrine.  It is not generally the role of the federal courts to interfere in pending state judicial proceedings.  A federal court must abstain from addressing requests for injunctive relief against state court proceedings so long as the constitutional issues involved may be addressed adequately in the course of the state proceedings. <u>Younger v. Harris</u>, 401 U.S. 37 (1971) (addressing abstention from state criminal proceedings); <u>Middlesex Co. Ethics Committee v. Garden State Bar Ass'n</u>, 457 U.S. 423, 432 (1982) ("The policies underlying <u>Younger</u> are fully applicable to noncriminal judicial proceedings when important state issues are involved.").  The United States Court of Appeals for the Third Circuit has enunciated three requirements that must be met before <u>Younger</u> abstention may be invoked:

(1) there are ongoing state proceedings that are judicial in nature; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise federal claims.  Whenever all three of these requirements are satisfied, abstention is appropriate absent a showing of bad faith prosecution, harassment, or a patently unconstitutional rule that will cause irreparable injury to the plaintiff.

Port Auth. Police Benevolent Ass'n Inc. v. Port Auth. Of New York and New Jersey Police Dept., 973 F.2d 169, 173 (3d Cir. 1992) (citing Schall v. Joyce, 885 F.2d 101, 106 (3d Cir. 1989)).

Here, it is clear that the state courts exercise continuing jurisdiction over the guardianship and custody of the minor child, that such domestic relations issues implicate important state interests, and that Plaintiff has adequate means to raise his concerns in state court.  Cf. Tafaro v. Miller, Civil No. 11-4231 (MLC), 2011 WL 6097767 (D.N.J. Dec. 6, 2011) (abstaining under Younger from exercising jurisdiction over matter, couched as § 1983 claims against the plaintiff's former spouse and the State of New Jersey, challenging state court determinations regarding divorce, child custody, and child support payments).

Because this Court lacks jurisdiction over, or in the alternative will abstain from deciding, Plaintiff's claims, it need not address other issues raised by the pleadings, including the application of principles of judicial immunity to claims

10

against Judge Katz,[1] or the possibility that Mr. and Mrs. Joseph Moore are not state actors subject to liability under Section 1983.

Finally, to the extent that the Complaint could be construed to assert state law claims, those claims will be dismissed without prejudice.  Pursuant to 28 U.S.C. § 1367(c)(3), where a district court has dismissed all claims over which it has original jurisdiction, it may decline to exercise supplemental jurisdiction over a related state law claim.  The Court of Appeals for the Third Circuit has held that, where all federal claims are dismissed before trial, "the district court _must_ decline to decide the pendent state claims unless considerations of judicial economy, convenience, and fairness to the parties

---

[1] As a general rule, judges acting in their judicial capacity are absolutely immune (in both their individual and official capacities) from suit for monetary damages under the doctrine of judicial immunity.  See Mireles v. Waco, 502 U.S. 9, 9 (1991).  Judicial immunity can be overcome only for actions not taken in a judicial capacity, id., or for actions taken in a complete absence of all jurisdiction, 502 U.S. at 11-12.  Allegations that actions were undertaken with an improper motive diminishes neither their character as judicial actions nor the judge's immunity.  See Forrester v. White, 484 U.S. 219, 227 (1988).

Judicial immunity also shields judges from suit for injunctive relief.  See 42 U.S.C. § 1983, (state judges) (abrogating in part Pulliam v. Allen, 466 U.S. 522, 541-42 (1984)).  See also Bolin v. Story, 225 F.3d 1234 (11th Cir. 2000) (and cases cited therein) (federal judges); Mullis v. United States Bankruptcy Court, 828 F.2d 1385, 1391-94 (9th Cir. 1987), cert. denied, 486 U.S. 1040 (1988) (adequate remedies are provided through the appeals process and the All Writs Act, 28 U.S.C. § 1651).

provide an affirmative justification for doing so." <u>Hedges v.</u>
<u>Musco</u>, 204 F.3d 109, 123 (3d Cir. 2000) (citations omitted).  As
no such extraordinary circumstances appear to be present, this
Court will dismiss any state law claims without prejudice.

V.   <u>CONCLUSION</u>

For the reasons set forth above, all claims will be
dismissed without prejudice.  It does no appear that Plaintiff
could amend his pleading to cure the jurisdictional defects.  An
appropriate order follows.

Kevin McNulty
United States District Judge

Dated: November  8 , 2012